### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY MAYFIELD, II, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-08-0825-HE |
| | ) |
| CITY OF EDMOND, ET AL., | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

Plaintiff Gary Mayfield brought this action against the City of Edmond and the individual defendants, police officers Jason Kushmaul, Michael King, Edwin Woolly, and Paul Lakin, asserting claims of assault and battery, outrage, and civil rights violations under 28 U.S.C. § 1983. The individual defendants filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging that plaintiff's assault and battery and outrage claims fail to state a claim for relief.

When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations and any reasonable inferences that might be drawn from them are construed in the light most favorable to the nonmoving party. The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007). A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965). Applying these standards, the court concludes that defendants' motion should be denied.

Defendants seek dismissal on the basis there is no allegation in the complaint that they acted outside the scope of their employment and that they are therefore immune from liability by reason of the Oklahoma Governmental Tort Claims Act. 51 Okla. Stat. § 151 et seq. It is true that the complaint does not explicitly allege the officers acted outside the scope of their employment. However, construing the alleged facts in the light most favorable to the plaintiff, they could, if established, support a conclusion of malice, bad faith, or wanton or willful misconduct so as to place their actions outside the scope of their employment. <u>Mustain v. Grand River Dam Authority</u>, 68 P.3d 991, 999 (Okla. 2003) ("An employee whose acts are malicious, willful, wanton and in bad faith is not acting in the scope of his employment.") (citations omitted). This is sufficient to state a claim under the standards referenced above.

To the extent defendants are suggesting some inconsistency between the "under color of law" allegations as to the §1983 claim and the "scope of employment" inquiry, the suggestion is incorrect. In order to establish a §1983 claim, a plaintiff must establish that the defendant acted under color of law. *See* <u>Brown v. Gray</u>, 227 F.3d 1278, 1290 n.7 (10th Cir. 2000). There is no necessary inconsistency between such an allegation and the scope of employment determination which governs a defendant's entitlement to immunity under Oklahoma's Government Tort Claims Act. The scope of employment inquiry "is of no consequence to [the] section 1983 action. The scope of employment inquiry [is] related to the . . . interpretation of the [state] statutes, and this standard is not part of the section 1983 claim." *Id.* A police officer may act both under the color of law and outside the scope of his or her employment, resulting in liability under both § 1983 and state tort statutes. *See Id.*;

Houston v. Reich, 932 F.2d 883 (10th Cir. 1991).

Plaintiff's complaint asserts sufficient facts to state plausible claims for assault and battery and outrage.  Accordingly, the individual defendants' motion to dismiss [Doc. #14] is **DENIED**.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE